930 F.2d 919
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David MALLORY, Plaintiff-Appellant,
v.
David BAKER, Vance York, Ed Murphy, Defendants-Appellees.
 No. 89-4122.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1991.
 
 Before MERRITT, Chief Judge, and BOYCE F. MARTIN, Jr. and ALAN E. NORRIS, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 David Mallory is a pro se Ohio prisoner who appeals the dismissal of a civil rights case that he had filed under 42 U.S.C. Sec. 1983 (1982). His case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Mallory was convicted of a prison rule infraction involving marijuana use while incarcerated at the Orient Correctional Institution, resulting in solitary confinement and loss of good time credits. The prison warden, a corrections officer and a laboratory technician are named defendants. In his complaint, Mallory sought injunctive relief from these defendants alleging that they had denied him procedural due process of law because they did not maintain a proper chain-of-custody for the urine sample that was used to support his conviction and because he was not allowed to call or confront the lab technician, who had tested the sample, as a witness at his hearing. Because of the denial of procedural due process, Mallory requested that his security status be restored to what it was before his solitary confinement, and that all good time credits lost because of the event also be restored. In his response to the defendants' motion to dismiss, Mallory also alleged that the rule infraction board violated his "due process rights by not submitting to him a written statements [sic] as to the evidence relied on and reasons for the disciplinary action." On November 9, 1989, the district court entered a judgment that granted the defendants' motion to dismiss. It is from this judgment that Mallory now appeals.
 
 
 3
 Upon review, we conclude that the district court properly dismissed Mallory's case but for a reason different than that given by the district court. "[W]hen a state prisoner is challenging the ... duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to ... a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Like plaintiffs in Preiser, Mallory alleges that prison officials deprived him of good time credits without due process of law and seeks equitable relief--the restoration of credits--instead of monetary damages. Even though Mallory's procedural due process claim seems to fit within the broad language of Sec. 1983, "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the ... length of their confinement, and that specific determination must override the general terms of Sec. 1983." Id. at 490. Accordingly, we will treat Mallory's complaint as a habeas petition seeking to reduce the term of his incarceration through the restoration of good time credits.
 
 
 4
 Under 28 U.S.C. Sec. 2254(b) (1988), a federal court cannot grant an application for a writ of habeas corpus for a state prisoner "unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." Under Ohio law, a prisoner adversely affected by a decision of a prison rule infraction board can appeal that decision to the managing office of the prisoner, Ohio Admin.Code Sec. 5120-9-09(K) (1989), and thereafter to the director of the Department of Rehabilitation and Corrections, Ohio Admin.Code Sec. 5120-9-09(M). Furthermore, after exhausting his appeals within the prison system, a prisoner can file a petition for writ of habeas corpus in state court challenging the punitive detention and resulting loss of good time credits. In re Lamb, 296 N.E.2d 280 (Ohio Ct.App.1973). It is undisputed that Mallory did not exhaust these state remedies available to him, and his action must be dismissed for this reason.
 
 
 5
 Even were we to treat his action as a Sec. 1983 action instead of a habeas action as required by Preiser, his procedural due process case must fail because for such an action to lie Mallory must "attack the state's corrective procedure" and show that state remedies are inadequate to redress the alleged procedural due process violation. Vicory v. Walton, 721 F.2d 1062, 1066 (6th Cir.1983), cert. denied, 469 U.S. 834 (1984). We find that Mallory has failed to make such an attack on Ohio's corrective procedure. Furthermore, based upon our initial review of Ohio law, we cannot say that the state's remedies are inadequate to redress the wrong Mallory alleges.
 
 
 6
 Because he did not exhaust state remedies or demonstrate that they are inadequate to address his alleged constitutional injuries, Mallory's request for counsel is denied and the district court's dismissal of his complaint is AFFIRMED.